# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv179

| | |
|---|---|
| CENTURY FURNITURE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| C & C IMPORTS, INC., d/b/a ) | |
| NANCY CORZINE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on in accordance with 18, United States Code, Section 636(b), and upon referral of the district court for disposition of any non-dispositive motion and recommendation as to any dispositive motion. Now pending and fully briefed are defendant's Motion to Dismiss or Transfer (#16), plaintiff's Response in Opposition (#18), and defendant's Reply (#20). Having carefully considered such motions and briefs, the court enters the following findings, conclusions, and Order.[1]

## FINDINGS AND CONCLUSIONS

**I.  The Amended Declaratory Judgement Complaint**

In the first cause of action, plaintiff seeks a declaration that it has not conducted any activities that would infringe any of defendant's copyrights in

---

[1] This court treats motions to transfer venue to another federal district as non-case dispositive under 28 U.S.C. § 636(b). Where transfer is appropriate, a magistrate judge will not reach or make a recommendation as to disposition of the dispositive motions.

defendant's *Thysson Armoire* or *Rainwater Bed,* hereinafter the "non-infringement claim." In the second claim for relief, plaintiff also seeks a declaration from this court that the defendant's asserted copyrights in the same products are invalid, hereinafter the "invalidity claim." In the third cause of action, plaintiff seeks a declaration that Registration Number VA 1-161-818, issued by the United States Copyright Office, is invalid and should be cancelled based on misrepresentation, hereinafter the "cancellation claim." In the fourth cause of action, plaintiff seeks a declaration that defendants asserted trade dress rights in such products are either invalid or unenforceable because they are functional, and are not inherently distinctive and lack acquired distinctiveness, and would hinder competition, hereinafter the "trade dress claims." In the fifth cause of action, plaintiff seeks a declaration that its activities have not caused confusion or a likelihood of confusion, or falsely designated the origin of their goods, with regard to any of defendant's trade dress rights, hereinafter the "confusion claim." In the sixth cause of action, plaintiff seeks a declaration that defendant's asserted trade dress rights in the described products are invalid, unenforceable, and otherwise not entitled to protection, hereinafter "further trade dress claim." In the seventh cause of action, plaintiff seeks a declaration that defendant's trade dress rights in such products are not famous, and that plaintiff has not engaged in any activities that would constitute trade dress dilution or false designation, hereinafter the "dilution and false designation claim."

## II. Defendant's Motion to Dismiss or in the Alternative Transfer Venue

Defendant has moved under Rule 12(b)(3) and 12(b)(6), Federal Rules of Civil

Procedure, to dismiss this action under the "first-to-file" rule, in favor of <u>C & C Imports, Inc. d/b/a Nancy Corzine v. Century Furniture Industries, Inc. et al.</u>, CV-07-2895 (C.D.Cal. 2007). In the alternative, defendant has moved pursuant to 28, United States Code, Section 1404, to transfer this matter to the United States District Court for the Central District of California for the convenience of the parties and witnesses and in the interests of justice. Because the court finds transfer to be the appropriate resolution of this issue, the court will not further discuss the Motion to Dismiss.

**III.   Discussion of Motion to Transfer Venue**

    **A.   Standards Applicable to the Motion to Transfer Venue**

        **1.   Rule 12(b)(3)**

In accordance with Rule 12(b)(3), a court may dismiss a complaint for improper venue or transfer venue to a court where it could have been brought. Title 28, United States Code, Section 1406(a), provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

<u>Id.</u> When considering a motion to dismiss for improper venue, a court must accept the facts alleged in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. <u>Micromuse, Inc. v. Aprisma Management Technologies, Inc.</u>, 2005 WL 1241924, *2 (S.D.N.Y. 2005).[2]

---

    [2] Due to limits of electronic case filing, a copy of such unpublished opinion is incorporated into the electronic record through reference to the Westlaw citation.

## 2. Transfer of Venue Standard

Defendant has in the alternative sought to transfer venue of this action to the United States District Court for the Central District of California. Such motion is governed by 28, United States Code, Section 1404(a), which provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

Defendant contends that venue should be transferred to the Central District of California in accordance with 28, United States Code, Section 1404(a). Defendant argues that the Western District of North Carolina is an improper venue for this action based on the first-to-file rule. In response, plaintiff has argued that the court is not bound by the first-to-file rule because defendant herein failed to properly name it in defendant's original Complaint for copyright infringement, which was filed in the Central District of California. It is undisputed, however, that the California action was the first to be filed.

Defendant has shown to the satisfaction of the court that it subsequently rectified such misnomer and that plaintiff's arguments herein, which mirror those made before the court in the Central District of California, were unavailing. Further, this court must note that plaintiff herein committed a similar misnomer in its original Complaint, which it also properly rectified through amendment.

This rush to the courthouse is the standard opening act in intellectual property law disputes. In this case, defendant clearly filed the first action in California for

copyright infringement, and provided counsel for plaintiff herein a courtesy copy of such Complaint. The maxim that *no good deed goes unpunished* well applies to intellectual property litigation, and plaintiff herein, after receiving such courtesy copy, promptly filed this non-infringement action in this district in its attempt to win the race to the courthouse.

As was first expressed in Smith v. McIver, 22 U.S. 532 (1824), and relatively more recently in Genentech, Inc. v. Eli Lilly and Co., 27 U.S.P.Q.2d 1241 (Fed. Cir. 1993), abrogated on different grounds, Wilton v. Seven Falls Co., 515 U.S. 277 (1995), the first-to-file rule simply provides that the forum of the first-filed case is favored unless considerations of judicial and litigant economy and the just and effective disposition of disputes requires otherwise. The Court of Appeals for the Federal Circuit found in Genentech, Inc. that while there are exceptions, departure from the rule must be based upon "sound reason[s] that would make it unjust or inefficient to continue the first filed action." Id., at 1244. Significantly, the district court in California has moved expeditiously in the first-filed action, and has soundly addressed plaintiff's arguments herein concerning misnomer.

The factors pertinent to determination of appropriate venue in this district are set forth in Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93 (W.D.N.C 1990). In that case, the court established a litany of considerations applicable to any motion to transfer. Further, and in order to determine whether transfer is proper, a balance must be struck between the competing interests; and unless the balance is tipped strongly in favor of the moving party, Collins v. Straight,

Inc., 748 F.2d 916, 921 (4th Cir. 1984), plaintiff's choice of forum should not be disturbed. Upon a motion to transfer, the moving party carries the burden, 1A Moore's Federal Practice, para. 0.345[5] at 4360 (Matthew Bender 1990); and the burden is heavy, Datasouth Computer Corp. v. Three Dimensional Technologies, Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989).

> A defendant carries a particularly heavy burden when it moves pursuant to [Section] 1404(a) to transfer an action from a district where venue is proper. As this court has noted previously, it is "black letter law," that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed."

Phillips v. S. Gumpert Co., Inc., 627 F. Supp. 725, 726-27 (W.D.N.C. 1986) (citations omitted) (quoting Western Steer Mom 'N' Pop's v. FMT Invs., Inc., 578 F. Supp. 260, 265 (W.D.N.C. 1984)).

In Jim Crockett Promotions, Inc., supra, Honorable Robert D. Potter, United States District Judge, set forth an 11-step guide:

1. The plaintiff's initial choice of forum;

2. The residence of the parties;

3. The relative ease of access of proof;

4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;

5. The possibility of a view;

6. The enforceability of a judgment, if obtained;

7. The relative advantages and obstacles to a fair trial;

8. Other practical problems that make a trial easy, expeditious, and

> inexpensive;

9. The administrative difficulties of court congestion;

10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and

11. The avoidance of unnecessary problems with conflict of laws.

Id. at 7-8. Courts should make both a quantitative and qualitative analysis of the factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F. Supp. 351, 354 (W.D.N.C. 1990). Where applicable, each of these factors will be considered.

### 1. **Plaintiff's Choice of Forum**

Considering the first factor, a plaintiff's choice of forum is traditionally given great weight. In light of the first-to-file rule, this factor must be weighed in favor of defendant. In light of the facts surrounding the alleged infringement, the location of defendant's principle place of business, and the discovery of the alleged infringement within the Central District of California, the forum-shopping exception does not appear to come into play, inasmuch as it cannot be surmised that defendant herein engaged in any forum shopping when it filed in its home district. The first-to-file rule is only nullified

> when the choice of the forum of the first-filed case was the result of pure forum shopping, if the balance of convenience favors the second forum, or if the first filed action is against a customer of the alleged infringer and the second involves the infringer himself.

Novo Nordisk of North America, Inc. v. Genentech, Inc., 874 F.Supp. 630, 632 (S.D.N.Y.1995). In K & F Mfg. Co. Inc. v. Western Litho Plate & Supply Co., 831

F.Supp. 661 (N.D. Ind. 1993), the district court held, as follows:

> *Genentech* was grounded on concerns of national uniformity in patent law. Although *Genentech* conceded that dismissal might be appropriate "when forum shopping was the only motive for the filing" of the declaratory judgment action, 998 F.2d at 937, national uniformity substantially discounts concern about forum shopping. An alleged infringer no longer may file in a regional circuit with more favorable law to avoid another circuit's law; the law of the Federal Circuit follows patent cases to all corners of the nation. A declaratory judgment plaintiff may achieve a more convenient forum, but cannot achieve a tactical advantage in choice of controlling precedent. Thus, although *Genentech* presented considerations not present here, the advent of the Federal Circuit amply supports the application in this case of its holding: "We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." 998 F.2d at 936.

Id., at 663-64. The situation in this action is nearly identical to the scenario in Novo Nordisk of North America, Inc., supra:

> Since the burden of proof is on [the proponent of the exception] it must prove that the sole reason that Novo Nordisk filed its action in New York was motivated by forum shopping. However, Genentech cannot meet its burden because plaintiff's principal place of business is in the Southern District of New York.

Id., at 633 (emphasis added). The filing of an action in one's home district prevents a moving party from carrying its burden of proving that the first-to-file rule should be disregarded under the *pure* forum-shopping exception. The first factor weighs in favor of transfer to the Central District of California. The court gives this factor substantial weight.

### 2. The Residence of the Parties

The second factor is neutral. Defendant herein is a corporation organized under the laws of the State of California, having its principal place of business in

-8-

Inglewood, California, which is within the Central District of California. Plaintiff is a corporation organized under the laws of North Carolina and has a manufacturing plant in the Western District of North Carolina.[3] Plaintiff apparently does substantial business throughout the United States. See Complaint, at ¶ 10. What is clear from both the Amended Complaint and the pleadings is that each party to this action is a sophisticated business, making the residence of the parties favoring neither retention nor transfer.

    **3.    The Relative Ease of Access of Proof**
               **and**
    **4.    The Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses**

This matter is going to be a paper-driven case, with testimony rendered by experts in the areas of furniture design and copyright. This court has found that, with experts, the practical "ease of proof" is often the proximity of the situs of the litigation to a major airport. Asheville indeed has an airport, but it lacks direct flights from most cities other than Charlotte, Atlanta, Houston, and Cincinnati. On the other hand, Los Angeles has major transportation facilities with untold direct flights. The ease of access to proof and the costs of obtaining willing witnesses for all parties favor transfer to the California forum.

    **5.    The Possibility of a View**

Based upon the exhibits and arguments presented, as well as past experience

---

[3] The court notes that plaintiff herein failed to specifically allege that its principle place of business is located within the Western District of North Carolina. See Amended Complaint, at ¶ 1.

in similar copyright cases, the key exhibits will be the copyrighted bed and armoire and the allegedly infringing bed and armoire.  If this matter goes to trial, which is not typical, those exhibits are usually placed side-by-side for review, and there will be expense in transporting those to the courthouse.  While the alleged infringing products are likely manufactured in this district, the arguments in this matter indicate that both the copyrighted products and the alleged infringing products are already located within mere blocks of each other in showrooms in the Central District of California.  The possibility of a view, therefore, slightly favors California, but due to the inherent transportability of furniture, this factor tends to be neutral.

**6.      The Enforceability of a Judgment, if Obtained**

Not only is the governing law issued by the Federal Circuit consistent from district to district, a judgment obtained in any federal district is easily transferred to any other federal district.  This factor is neutral.

**7.      The Relative Advantages and Obstacles to a Fair Trial**

There appear to be no obstacles to a fair trial in either district.  As discussed above, the law governing patents has been developed on a nationwide basis (rather than a circuit-by-circuit basis) under the guidance of the Federal Circuit.  There is no greater legal advantage to either party in either district.  This factor is neutral.

**8.      Other Practical Problems that Make a Trial Easy, Expeditious, and Inexpensive**

Trials are never easy, expeditious, or inexpensive.  Whether this action is tried in California or North Carolina, it will cost these parties an enormous sum, absent an early, amicable resolution.  As discussed above, the practical problem is access to the

situs of the litigation via air transportation, and the mountains of North Carolina simply are not <u>easily</u> accessible when engaged in transcontinental litigation. When all practical problems are considered in context of transcontinental litigation , this factor favors transfer.

### 9. The Administrative Difficulties of Court Congestion

While this court has a huge caseload per judgeship, the court recognizes that the Central District of California, while having more judgeships, faces an equally difficult task in addressing the multitude of cases that are presented to that court. Because the Administrative Office and Congress have attempted to equitably distribute judgeships, the court finds that this factor favors neither side and that the ninth factor, therefore, is neutral.

### 10. The Interest in Having Localized Controversies Settled at Home and the Appropriateness in Having the Trial of a Diversity Case in a Forum That is at Home with the State Law that Must Govern the Action
### and
### 11. Conflict of Laws

This is not a localized controversy, but concerns products sold nationwide and copyrights enforceable worldwide. There appear to be no supplemental causes of action under the common and statutory laws of North Carolina. The California court would be just as familiar as this court with the law concerning the seven claims asserted in this cause of action. This factor is neutral.

* * *

In accordance with the teachings of <u>Jim Crockett Promotions, Inc.</u>, <u>supra</u>, the undersigned has conducted a quantitative and qualitative analysis of these factors.

Quantitatively, the factors favor granting the Motion to Transfer. Qualitatively, the defendant's choice of the California forum under the first-to-file rule is significant and, when combined with the quantitative analysis (which numerically favors transfer by at least four to none), directs the court to a finding in favor of the transfer of this case.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's alternative Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (#16) is **GRANTED**, and this matter is **TRANSFERRED** to the Central District of California for disposition.

Signed: September 14, 2007

Dennis L. Howell
United States Magistrate Judge